IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SEAN KING,**

    **Plaintiff,**

v.                                                                            Case No. 8:21cv1955

**DIESEL DIRECT FLORIDA, INC.**
**a/k/a DIESEL DIRECT, INC., a**
**Foreign Profit Corporation,**                     Jury Trial Demanded

    **Defendant.**
_____/

## COMPLAINT

Plaintiff Sean King ("King" or "Plaintiff") by and through undersigned counsel, brings this Complaint against Defendant Diesel Direct Florida, Inc. a/k/a Diesel Direct, Inc. ("Diesel Direct" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff is an individual over the age of 18 years old and is thus *sui juris*.

2. King at all times relevant to the allegations herein resided in Hillsborough County, Florida.

3. Defendant is a Foreign Profit Corporation authorized to do business in the state of Florida with a principal place of business at 74 Maple Street, Stoughton, Massachusetts 02072.

4. Although the Defendant's principal place of business is in Stoughton, Massachusetts, King worked in Hillsborough County, Florida.

5. Therefore, the events or transactions out of which this claim arose occurred and accrued in Hillsborough County, Florida.

6. The claims in this case are based upon federal law; specifically, the Family and Medical Leave Act of 1993 ("FMLA").[1]

7. Thus, the Court has federal question jurisdiction over the federal claims raised herein pursuant to 28 U.S.C. § 1331.

8. The state law claim arises out of the same nexus of operative facts, giving the Court supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367.

## VENUE

9. Venue is proper in the United States District Court in and for the Middle District of Florida pursuant to 28 U.S.C. § 1391 as the events giving rise to the claims asserted herein occurred in this District.

10. The Tampa Division is the proper division of the District Court pursuant to Middle District of Florida Local Rule 1.02(b)(4) as the events giving rise to the claims asserted herein occurred in Hillsborough County, Florida.

---

[1] 29 U.S.C. § 2601 *et seq*.

## GENERAL ALLEGATIONS

11. At all times pertinent hereto, the Defendant employed 50 or more individuals within a 75-mile radius.

12. The Defendant is a "covered employer" as defined by the FMLA and is therefore subject to the requirements of the FMLA.

13. King was employed by the Defendant beginning on or about November 9, 2018.

14. King performed work for the Defendant as a driver.

15. On or about March 7, 2021, King experienced a severe mental health issue that required immediate hospitalization and qualified as a "serious health condition" within the meaning of the FMLA.

16. In the twelve months immediately preceding March 7, 2021, King worked more than 1,250 hours for the Defendant and had, at that point, been employed by the Defendant for more than twelve months.

17. Thus, King was a "covered employee" of the Defendant within the meaning of the FMLA who was entitled to the benefits of the FMLA.

18. In the months prior to his FMLA leave, King had been training to become a manager and worked in excess of 50 hours per week on a regular, five to six day per week schedule.

19. Prior to his FMLA leave, King was paid on a salary basis.

20. King informed the Defendant of his need for leave and King was permitted to take FMLA leave.

21. On or about Monday, April 26, 2021, King returned to work for the Defendant.

22. Within about fifteen minutes from the time he arrived at work on April 26, 2021, King was informed that he would no longer be training as a manager, that another individual would be performing the managerial duties, and that King's pay would be changed from a salary basis to an hourly basis.

23. Subsequently to his return, King has not worked a consistent schedule, has struggled to achieve even 40 hours of work per week, and suffered a wage rate reduction.

24. Shortly after realizing that his duties, schedule, and pay would change, King informed the Defendant that he believed the substantial changes to his working conditions were in violation on the FMLA and objected to the violation.

25. King also dual-filed a charge of discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission on May 7, 2021 alleging disability/handicap discrimination and retaliation.

26. King has learned that the Defendant wants to fire him, but has been scared to do so because the management team knew about King's FMLA leave and his objections to the unlawful conduct by the Defendant.

27. The Defendant has made the work environment intolerable in hopes King would resign.

28.As a direct and proximate result of Defendant's unlawful conduct, described hereunder, King has suffered damages.

29.King has also had to retain counsel to represent his rights, and, as such, is obligated to pay attorneys' fees and costs to the undersigned for legal services.

## COUNT I (FMLA INTERFERENCE)

30.King reaffirms and realleges paragraphs 1-29, above, as if fully set forth herein.

31.King was eligible for FMLA leave.

32.King was entitled to FMLA leave.

33.King gave the Defendant proper notice of his need for FMLA leave.

34.The Defendant failed to reinstate King to the same or nearly equivalent position he held prior to his leave, cut his pay, altered his schedule, and changed his status/demoted him.

35.The Defendant's actions were willful violations of law, as it knew, or should have known, that King was entitled to exercise his FMLA leave rights and be reinstated upon his return from leave consistent with the FMLA's requirements.

WHEREFORE King demands that the Court enter judgment against the Defendant and:

a.Direct the Defendant to make King whole by providing him with back pay;

b.Direct the Defendant to reinstate King to his prior status, or, if that is not feasible, award him front pay;

c. Award liquidated damages on any and all awards issued on sections a and b, *supra*;

d. Direct the Defendant to pay reasonable attorneys' fees and costs associated with prosecution of this lawsuit;

e. Award nominal damages;

f. Grant whatever additional damages or equitable relief the Court deems just and proper; and

g. Award interest on any amount awarded.

### **COUNT II (FMLA RETALIATION)**

36. King reaffirms and realleges paragraphs 1-29, above, as if fully set forth herein.

37. King was employed by the Defendant.

38. King was eligible for FMLA leave.

39. King was entitled to FMLA leave.

40. King engaged in protected activity by taking FMLA leave.

41. King was demoted, had his schedule changed, had his hours cut, and his rate of pay reduced.

42. The demotion, schedule change, hour reduction, and rate of pay reduction were adverse employment actions.

43. The Defendant took the adverse employment actions because of his FMLA leave.

44. The Defendant's actions were willful violations of law, as it knew, or should have known, that it is unlawful to retaliate against individuals who exercise their rights under the FMLA.

WHEREFORE King demands that the Court enter judgment against Defendant and:

a. Direct the Defendants to make King whole by providing him with back pay;

b. Direct the Defendant to reinstate King to his prior status, or, if that is not feasible, award him front pay;

c. Award liquidated damages on any and all awards issued on sections a and b, *supra*;

d. Direct the Defendant to pay reasonable attorneys' fees and costs associated with prosecution of this lawsuit;

e. Award nominal damages;

f. Grant whatever additional damages or equitable relief the Court deems just and proper; and

g. Award interest on any amount awarded.

**COUNT III (FLORIDA WHISTLE-BLOWER'S ACT RETALIATION)**

45. King reaffirms and realleges paragraphs 1-10, 13-14, and 18-29, above, as if fully set forth herein.

46. At all times relevant hereto, the Defendant was a private corporation that employed ten or more persons, and is therefore an "employer" within the meaning of the Florida private sector whistle-blower's act ("the Act"). Fla. Stat. § 448.101(3).

47. King was employed by the Defendant for pay and is therefore an "employee" within the meaning of the Act. Fla. Stat. § 448.101(2).

48. King engaged in protected activity by objecting to the Defendant's unlawful interference with and retaliation for his use of FMLA leave.

49. King suffered adverse employment actions in the form of demotion, reduction in hours, change in schedule, and reduction in pay.

50. These adverse employment actions were significant enough to dissuade the average, reasonable employee from objecting to unlawful conduct.

51. The Defendant took these adverse employment action against King because of his protected conduct.

52. The Defendant is continuing to engage in the violations described above.

53. There is a causal connection between the adverse employment actions and protected conduct, as evidenced by the close temporal proximity between the protected conduct and the adverse employment actions, at minimum.

WHEREFORE King demands that the Court enter judgment against Defendant and:

    a. Direct the Defendant to make King whole by providing him with back pay;

  b. Direct the Defendant to reinstate King to his prior status, or, if that is not feasible, award him front pay;

  c. Direct the Defendant to compensate King for mental anguish, pain, suffering, loss of the capacity to enjoy life, and other emotional damages;

  d. Direct the Defendant to pay reasonable attorneys' fees and costs associated with prosecution of this lawsuit;

  e. Enter an injunction prohibiting the Defendant from continuing to violate the law;

  f. Grant whatever additional damages or equitable relief the Court deems just and proper; and

  g. Award interest on any amount awarded.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 16th day of August, 2021.

           **/s/ Shaina Thorpe**
           SHAINA THORPE
           Florida Bar No. 0055464
           Primary: shaina@thorpelaw.net
           Secondary:   admin@thorpelaw.net

           **THORPELAW, P.A.**
           1228 East 7th Ave. Suite 200
           Tampa, Florida 33605
           Telephone: (813) 400-0229
           Fax: (813) 944-5223

           *Counsel for Plaintiff Sean King*